**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JOSE CLEMENTE FLORES-FLORES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72977

Agency No. A078-455-657

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Jose Clemente Flores-Flores, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Flores-Flores's motion to reopen as untimely, where it was filed more than nine years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and where Flores-Flores did not argue an exception to the time limitation applied. We lack jurisdiction to consider Flores-Flores's contentions that the filing deadline should be equitably tolled and that he established changed country conditions to qualify for an exception to the filing deadline. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

In light of this disposition, we need not reach Flores-Flores's contentions as to the BIA's determinations that he failed to establish prima facie eligibility for cancellation of removal and that he failed to provide evidence that was material and previously unavailable at the time of his prior hearing. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Flores-Flores does not raise, and therefore waives, any challenge to the BIA's determination that he failed to set forth a legal basis for termination of proceedings. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and

20-72977

argued in the opening brief).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**